IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HAROLD POWELL | ) |
| | ) |
| Petitioner, | ) |
| | ) NO. 3:20-cv-00218 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent | ) |

## MEMORANDUM OPINION

Petitioner, Harold Powell, commenced this action by filing a *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence (Doc. No. 1, "Petition"), supported by a memorandum of law (Doc. No. 2). Via the Petition, he seeks to overturn his conviction on two of the seven counts to which he pled guilty in his underlying criminal case (No. 3:18-cr-00070), which together resulted in additional sentencing of 204 months to run consecutive to his sentence on all other counts. He relatedly seeks vacatur of the 84-month sentence imposed on Count Two and of the additional, consecutive 120-month sentence on Count Five. And presumably, though not expressly, he seeks a resentencing on all other counts as well.

For the reasons stated herein, the Petition will be DENIED without an evidentiary hearing, and this action will be DISMISSED.

## BACKGROUND

In his underlying criminal case Petitioner was charged in a seven-count Indictment. (R. 1).[1] Specifically, in the Indictment, Petitioner was charged: in Counts One and Four with Hobbs Act

---

[1] Citations herein to "R." are references to docket numbers in Petitioner's underlying criminal case (No. 3:18-cr-00070).

robbery,[2] in violation of Title 18, United States Code, Section 1951; in Count Two with using, carrying, and brandishing a firearm during a crime of violence for which he may be prosecuted in federal court, in violation of Title 18, United States Code, Section 924(c)(1)(A); in Counts Three, Six, and Seven with possession of a firearm subsequent to a felony conviction, in violation of Title 18, United States Code, Section 922(8); and in Count Five with using, carrying, brandishing, and discharging a firearm during a crime of violence for which he may be prosecuted in federal court, in violation of Title 18, United States Code, Section 924(c)(1)(A).

The Petition concerns Count Two and Count Five in particular. Count Two alleged that Petitioner violated 18 U.S.C. § 924(c)(1)(A) by using, carrying, and brandishing a firearm during and in relation to "robbery affecting commerce, in violation of Title 18, United States Code, Section 1951." (*Id.* at 1-2). Such a violation of Section 1951 is known as "Hobbs Act robbery." Count Two alleges an offense date of January 30, 2017, the same date as the Hobbs Act robbery alleged in Count One. Count Five alleged that Petitioner violated 18 U.S.C. § 924(c)(1)(A) by using, carrying, brandishing, and discharging a firearm during and in relation to "robbery affecting commerce, in violation of Title 18, United States Code, Section 1951." (*Id.* at 3). Count Five

---

[2] The so-called Hobbs Act, 18 U.S.C. §1951, provides, in pertinent part:

(a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by **robbery** or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

(b) As used in this section—

  (1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(a)-(b)(1) (emphasis added). When Section 1951(a) is violated by means of robbery, the crime is known for short as "Hobbs Act robbery." *See United States v. Gooch*, 850 F.3d 285, 287 (6th Cir. 2017).

alleges an offense date of February 13, 2017, the same date as the Hobbs Act robbery alleged in Count Four.

On January 29, 2019, Petitioner pleaded guilty to all seven counts pursuant to a plea agreement (R. 41) entered into under Rule 11(c)(1)(C), which contained a so-called "binding" joint recommendation of a sentence of 264 months' imprisonment. On April 19, 2019, accepting this binding joint recommendation, the Court sentenced Petitioner to serve 264 months' imprisonment total. Specifically, Petitioner was sentenced to serve 60 months on each of Counts 1, 3, 4, 6 and 7, to run concurrent with one another and consecutive to 84 months and Count 2 and 120 months on Count 5 (which was to run consecutive to the sentence on all other counts).[3] (R. 48).

Thereafter, Petitioner did not appeal. On March 12, 2020, the Petition was filed *pro se*, wherein he makes a single claim. He asserts that "the primary issue presented here is whether Hobbs Act robbery and attempted Hobbs Act [r]obbery qualify as a 'crime of violence' for purposes of section 924(c)." (Doc. No. 2 at 3). The Court commends Petitioner for seeking to clearly frame the issue at hand and for framing it correctly to a large extent; by so doing he maximized his chances for success by directing the Court's focus to where he needed it to be. However, the Court would put it somewhat differently; here, the sole (and not just "primary") issue is whether Hobbs Act robbery qualifies as a 'crime of violence' for purposes of section 924(c).[4] If not, then Petitioner is entitled to relief. But if so, then Plaintiff's convictions on Counts Two and

---

[3] Count Five was subject to a mandatory minimum sentence of ten years because it alleged that Defendant "discharged" (as well as used, carried and brandished) the firearm. *See* 18 U.S.C. § 924(c)(1)(A)(iii). By contrast, Count Two was subject to a seven-year mandatory minimum because it alleged that Defendant only "brandished" (as well as used and carried, but without discharging) the firearm. *See* 18 U.S.C. § 924(c)(1)(A)(ii).

[4] It is clear that in referring to "[a]ttempted Hobbs Act robbery," Petitioner is referring to the crime (expressly proscribed by 18 U.S.C. § 1951) of attempting to commit Hobbs Act robbery. But the reference is superfluous, because the Government premised Count Two and Count Five each on Hobbs Act robbery, and not attempted Hobbs Act robbery.

Five are valid, and the Petition fails. For the reasons discussed below, it is irrelevant whether attempted Hobbs Act robbery constitutes a crime of violence; therefore, the Petition does not state a valid ground for relief.

## LEGAL STANDARD

To prevail on a § 2255 motion, a petitioner must demonstrate that the court imposed the sentence in violation of the Constitution, the court was without jurisdiction to impose such a sentence, the sentence was more than the maximum sentence authorized by law, or the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255 (2018). Section 2255 requires "a hearing on such allegations unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Fontaine v. United States*, 411 U.S. 213, 215 (1973) (internal quotation marks omitted); *Ray v. United States*, 721 F.3d 758, 760-61 (6th Cir. 2013); *see also Dagdag v. United States*, No. 3:16-cv-364-TAV, 2019 WL 2330274, at *1 n.1 (E.D. Tenn. May 31, 2019) (internal quotation marks omitted) (citing *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)) ("[W]here the record conclusively shows that the petitioner is entitled to no relief, a hearing is not required.").

A petitioner is not entitled to an evidentiary hearing if he has not alleged any facts that, if true, would entitle the petitioner to federal habeas relief. *See McSwain v. Davis*, 287 F. App'x 450, 458 (6th Cir. 2008). Even when material facts are in dispute, an evidentiary hearing is unnecessary if the petitioner is conclusively entitled to no relief. *See Amr v. United States*, 280 F. App'x 480, 485 (6th Cir. 2008). "Stated another way, the court is not required to hold an evidentiary hearing if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.; accord Arredondo*, 178 F.3d at 782. The decision whether to hold an evidentiary hearing is one committed to the sound

discretion of the district court. *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) ("A decision not to hold an evidentiary hearing on a motion for relief under 28 U.S.C. § 2255 is reviewed for abuse of discretion.").

The applicable rules address what the district court may (and must) consider in determining whether to order an evidentiary hearing, where (as here) the motion is not dismissed under Rule 4(b) based on the district court's initial review:

> If the motion is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

Rule 8(a), Rules Governing Section 2255 Proceedings. In this case, the record has not been expanded with materials under Rule 7.

## DISCUSSION

The definition of "crime of violence" for purposes of Section 924(c)(1)(A) is set forth in Section 924(c)(3), in two parts. The first part, 18 U.S.C. § 924(c)(3)(A), is generally referred to as Section 924(c)'s "force" or "elements" clause.[5] The second part, 18 U.S.C. § 924(c)(3)(B), is generally referred to as Section 924(c)'s "residual clause."[6]

In *United States v. Davis*, 139 S. Ct. 2319, 2336, 204 L. Ed. 2d 757 (2019), the Supreme Court held that the residual clause is unconstitutionally vague. Thus, any conviction under Section 924(c)(1)(A) committed during and in relation to a crime that qualified as a "crime of violence" only under the residual clause is constitutionally infirm; to sustain a conviction under Section

---

[5] This subparagraph defines "crime of violence" to include a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" 18 U.S.C. § 924(c)(3)(A).

[6] This subparagraph defines "crime of violence" to include a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(A).

924(c)(1)(A), the predicate "crime of violence" must be a crime of violence as defined by the force clause in particular.

As noted above, the alleged predicate crime for each of Counts Two and Five is Hobbs Act robbery. So the question is whether Hobbs Act robbery constitutes a crime of violence by virtue of the elements clause.[7] As the Sixth Circuit summarized the situation:

> [T]he Supreme Court [has] addressed the validity of § 924(c)'s residual clause head-on, holding that the clause is, in fact, unconstitutionally vague. *United States v. Davis*, ––– U.S. ––––, 139 S. Ct. 2319, 2336, 204 L.Ed.2d 757 (2019). But *Davis* does not gut the entire statute. To the contrary, *Davis* leaves intact a separate definition of crime of violence supplied by the statute's "elements clause." *See* § 924(c)(3)(A). That clause defines "crime of violence" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.*
>
> With the residual clause now gone, we can uphold Richardson's conviction and sentence under § 924(c) only if the statute underlying his conviction—aiding and abetting Hobbs Act robbery—satisfies § 924(c)'s elements clause.

*United States v. Richardson*, 948 F.3d 733, 741 (6th Cir. 2020).[8] Notably, where, as here, the predicate crimes was only Hobbs Act robbery, the issue is *not* whether anything else proscribed by the Hobbs Act (such as attempt to commit Hobbs Act robbery or so-called Hobbs Act extortion) is a crime of violence. This is because the Hobbs Act is a divisible statute. *See Gooch*, 850 F.3d at 291 ("We conclude that § 1951 is a divisible statute setting out separate crimes of Hobbs Act robbery and Hobbs Act extortion.").

---

[7] The Government concedes that proving the predicate crime of conspiracy to commit Hobbs Act robbery would do it no good, as that crime constitutes a "crime of violence" for purposes of Section 924(c)(1)(A) only under the residual clause and therefore post-*Davis* cannot support a conviction for violation of Section 924(c)(1)(A).

[8] The applicability of *Richardson* here is not at all impaired by the fact that *Richardson* involved the theory that the defendant was criminally liable for Hobbs Act robbery under an aiding and abetting theory, whereas the instant case involves the theory that Petitioner was criminally liable for Hobbs Act robbery as a principal. *See Richardson*, 948 F.3d at 741-42 (There is no distinction between aiding and abetting the commission of a crime and committing the principal offense. . . . [To] sustain a conviction under § 924(c), it makes no difference whether Richardson was an aider and abettor or a principal [in the crime of Hobbs Act robbery].").

Petitioner does not dispute that Hobbs Act robbery is divisible from Hobbs Act extortion but does assert that Hobbs Act robbery is indivisible with respect to the various ways that Hobbs Act robbery can be committed (*i.e.,* actual or threatened force, violence, or various kinds of "fear of injury"). (Doc. No. 2, at 11, 21-22)). He then argues that commission of Hobbs Act robbery by means of putting someone in fear of injury does not satisfy the definition of crime of violence. (*Id.* at 12-18). In making each of these assertions, he relies on authority from outside the Sixth Circuit.

Each of these assertions are non-starters because they are entirely foreclosed by *Gooch* and/or *Richardson*, which is Sixth Circuit authority binding on this Court. As the Sixth Circuit explained in *Richardson*, where the only predicate crime was Hobbs Act robbery: "In *Gooch*, we explained that the Hobbs Act is a divisible statute that creates two separate offenses, Hobbs Act extortion and Hobbs Act robbery. And we concluded the latter offense is categorically a crime of violence under § 924(c)." 948 F.3d at 741 (citation omitted).[9] *Gooch* thus forecloses an argument that Hobbs Act robbery is not categorically a crime of violence and that the Court must treat it as divisible with respect to the various ways it can be committed. *See United States v. Camp*, 903 F.3d 594, 597 (6th Cir. 2018) ("Camp . . . was convicted of Hobbs Act robbery, rather than Hobbs Act extortion. Under *Gooch*, Camp's Hobbs Act robbery conviction qualifies as a crime of violence under § 924(c), and his argument to the contrary is foreclosed.").

As Judge Trauger from this district put it last year:

---

[9] The court in *Richardson* did not *say* that Hobbs Act robbery was divisible from attempt to commit Hobbs Act robbery, the way *Gooch* said that Hobbs Act robbery was divisible from Hobbs Act extortion. But the court in *Richardson* quite clear treated it as such; it did not indicate in any way that where the predicate crime is Hobbs Act robbery, the court also must ask whether attempt to commit Hobbs Act robbery is a "crime of violence," and it did not do so. Accordingly, the Court concludes that it is constrained to treat Hobbs Act robbery as divisible from attempt to commit Hobbs Act robbery and thus need not ask whether attempt to commit Hobbs Act robbery is a crime of violence. Petitioner appears to claim otherwise. (Doc. No. 2 at 3) ("[t]he primary issue presented here is whether Hobbs Act robbery and attempted Hobbs Act [r]obbery qualify as a 'crime of violence' for purposes of section 924(c)."). To the extent that he does, such argument is rejected.

> [T]he Sixth Circuit has joined the circuit court consensus in holding that Hobbs Act robbery is categorically a crime of violence under 18 U.S.C. § 924(c), [*Gooch*, 850 F.3d at 292], regardless of whether the defendant is the principal perpetrator or the aider and abettor of the robbery. [*Richardson*, 906 F.3d at 426]. *See also In re: Gordon*, No. 18-3449, 2018 WL 3954189, at *1 (6th Cir. Aug. 14, 2018) ("Even if the Supreme Court had announced that [§ 924(c)(3)(B) is unconstitutionally vague, as it later did in *Davis*], that rule has no effect on Gordon's case because his convictions for Hobbs Act robbery qualify as crimes of violence under § 924(c)(3)(A) as offenses having "as an element the use, attempted use, or threatened use of physical force against the person or property of another.").

*United States v. Schroeder*, No. 3:10-CR-00247-2, 2019 WL 134004, at *2 (M.D. Tenn. Jan. 8, 2019).

"Because the Hobbs Act robbery that [Defendant] committed is a 'crime of violence,' [Defendant] was properly convicted of using a firearm during and in connection with a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)." *United States v. Jones*, No. 1:16CR17, 2019 WL 6841769, at *4 (N.D. Ohio Dec. 16, 2019). For these reasons, Petitioner's challenge to his convictions and sentences on Count Two and Count Five are rejected.

## CONCLUSION

For the above-stated reasons, the Petition neither has merit nor entitles him to an evidentiary hearing.[10] Thus, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) will be DENIED, and this action will be DISMISSED.

An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[10] Likewise, the appointment of counsel would make no difference to the outcome here, and thus Petitioner's request for the same is denied.